ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
P. GREG PARHAM
Assistant United States Attorney
California Bar Number 140310
   Federal Courthouse, 14th Floor
   312 North Spring Street
   Los Angeles, California 90012
   Telephone: (213) 894-6528
   Facsimile: (213) 894-7177
   E-mail: Greg.Parham@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CV 11-03635 CAS(PJWx) |
| Plaintiff, | ) **CONSENT JUDGMENT OF FORFEITURE** |
| vs. | ) |
| REAL PROPERTY LOCATED IN SAN PEDRO, CA (VILLEGAS), | ) |
| Defendant. | ) |
| RUBEN VILLEGAS AND SOCORRO VILLEGAS, | ) |
| Claimants. | ) |

1

1        IT IS HEREBY STIPULATED BY AND BETWEEN the plaintiff United
2   States of America ("the government") and claimants and
3   titleholders, Ruben Villegas and Socorro Villegas (collectively,
4   "the Villegases"), as follows:
5        1.   This action was filed on April 28, 2011.
6        2.   The government alleges in its complaint that the
7   defendant property was used or intended to be used to commit or
8   to facilitate the commission of violations of 21 U.S.C. §§ 841,
9   846 and 856, and is therefore subject to forfeiture pursuant to
10  21 U.S.C. § 881(a)(7).
11       3.   The defendant is real property located in San Pedro,
12  California (hereinafter "defendant property"), titled in the
13  name of the Villegases, and more particularly described as
14  follows:
15       Assessor's Parcel Number: 7452-024-007
16       The real property in the County of Los Angeles, State of
17       California, described as:  Lot 7 of Track 6689 as per map
18       recorded in Book 97, page 98 of Maps in the Office of the
19       County Recorder of said  County.
20       4.   Notice was given and published in accordance with law.
21       5.   The Villegases filed a claim and answer on June 30 and
22  July 20, 2011, respectively.  No other claims or answers have
23  been filed, and the time for filing claims and answers has
24  expired.
25       6.   The government and the Villegases have reached an
26  agreement that is dispositive of this action, and hereby request
27  that the Court enter this Consent Judgment of Forfeiture.
28

7. Not later than seven (7) business days after entry of this Consent Judgment by the Court, the Villegases shall execute a notarized quitclaim deed, granting their entire interest in the defendant property to the United States, and shall deliver the original of such deed to the undersigned counsel for the government.  This deed shall only be used by the United States in accordance with paragraphs 10 and/or 14 below.

8. The Villegases are authorized to sell the defendant property to a disinterested third-party buyer to be approved by the government. The government's approval of the buyer shall not be unreasonably withheld.  The Villegases will have not more than 120 days from the date of entry of this Consent Judgment to open escrow with the buyer.  The terms of this Consent Judgment shall be made part of any escrow instructions relating to the sale of the defendant property pursuant to this Consent Judgment.  The government shall not be liable or responsible for any payments, costs, or fees whatsoever in connection with such transactions.

9. Not less than ten (10) business days before the anticipated close of escrow with respect to paragraph 8, the Villegases shall notify the government's undersigned counsel of the anticipated close of escrow.  An authorized agent of the government will then execute and notarize a withdrawal of lis pendens on the defendant property, and shall forthwith deliver the executed withdrawal of lis pendens to the escrow agent. After the close of escrow, the government shall deliver the quitclaim deed referenced in paragraph 7 above to the Villegases' undersigned counsel.  If escrow is cancelled, or is

otherwise not completed, the escrow agent shall forthwith return the withdrawal of lis pendens referenced in this paragraph to the undersigned counsel for the government.

    10. The Villegases shall act affirmatively, and to the best of their ability, to prevent any narcotics-related crime being committed at the defendant property. In the event that any such narcotics-related crime occurs at the defendant property, the Villegases shall immediately notify the Los Angeles Police Department ("LAPD") and cooperate with LAPD regarding any investigation. In the event that claimant is in default of the terms of this paragraph 10, the government shall have the option to cancel paragraph 8 of this Consent Judgment and conduct a sale of the defendant property pursuant to the terms of paragraph 14.a. through 14.c. The following procedures shall be followed in order to exercise such option:

    a. The government shall file and serve (by e-filing and certified mail) on undersigned counsel for the Villegases notice of intent to record the quitclaim deed referenced in paragraph 14.a., below;

    b. The Villegases may, no later than seven (7) business days after service of notice by the government, file and serve (by e-filing and certified mail) upon government counsel a motion seeking to stop the government from recording the quitclaim deed on the ground that they are not in breach of this paragraph 10;

    c. In the event of the filing and service of a timely motion pursuant to paragraph 10.b., the government will

1 refrain from recording the quitclaim deed pending a ruling on
2 the motion by the Court;
3     d.  Upon a ruling on the motion finding the
4 Villegases in default under paragraph 10, or in the event no
5 timely motion pursuant to paragraph 10.b. is filed and served,
6 the government may proceed to sell the property pursuant to
7 paragraph 14.a. through 14.c.
8   11.  In the event that the government exercises its option
9 to cancel pursuant to paragraph 10, the government shall notify
10 the undersigned counsel for the Villegases in writing by fax and
11 certified mail.  The Villegases must vacate the property no
12 later than ten (20) days after receipt of such notice, unless
13 otherwise ordered by the Court.  If the Villegases fail to
14 vacate the defendant property pursuant to this paragraph, the
15 U.S. Customs and Border Protection or its authorized agent is
16 hereby empowered to enter and take possession of the defendant
17 property and to evict all occupants and their personal property
18 without further notice or court order.
19   12.  If the Villegases do not complete the sale of the
20 defendant property pursuant to the terms of paragraph 8 above,
21 the terms of paragraph 14 shall apply instead of paragraph 8;
22 provided, however, that the Villegases may, prior to the
23 expiration of the 120-day period in paragraph 8, file with the
24 Court and serve upon counsel for the government by fax and e-
25 filing a report and request that the United States grant an
26 extension of the deadline in paragraph 8 to complete the sale of
27 the defendant property.  The report and request for an extension
28 pursuant to this paragraph 12 shall include the following

information, supported by one or more declarations under penalty of perjury:  A detailed account of all efforts to sell the defendant property.  The account shall include:  the names of all real estate agents with whom the defendant property has been listed; all prices at which the defendant property has been offered for sale; the dates, amounts, and sources of all offers or counter-offers rejected; and the reason(s) why each was rejected.

     13.  An extension of the 120-day period in paragraph 8 pursuant to paragraph 12 shall be at the discretion of the government.  If granted, the extension shall provide a deadline of no later than an additional 90 days by which a sale of the defendant property shall be completed and escrow closed.  If the extension is granted, all other terms of this Consent Judgment except the 120-day period in paragraph 8 shall continue in full force and effect.

     14.  If the Villegases fail to comply with any requirement of paragraph 8 within the specified dates, or within the period(s) specified in any extension of time granted by the government pursuant to paragraph 12, the terms of this paragraph 14 shall apply instead of paragraph 8:

         a.   The United States shall record the quitclaim deed referenced in paragraph 7.

         b.   The United States shall undertake to sell the defendant property in a commercially reasonable manner.  Upon identification of an approved disinterested third-party buyer, the U.S. Customs and Border Protection or its authorized agent

shall open an escrow of not more than ninety (90) days, unless otherwise agreed in writing by the undersigned parties.

       c.    Upon the sale of the defendant property, the proceeds are to be distributed as follows:

           i.    First, for payment of all costs of sale, including, but not limited to, real estate commissions and appraisals;

           ii.   Second, for payment to the tax assessor's office and tax collector for the County of Los Angeles for any real property taxes due and owing on the defendant property as of the date of sale;

           iii. Third, the remaining proceeds shall be paid to the Villegases by check delivered to undersigned counsel for the Villegases and made payable to "David C. Scarsone Attorney Client Trust Account."

       d.    Except as provided in paragraph 11, the Villegases may continue to occupy the defendant property while the sale is pending, but must vacate the property at least five (5) days prior to the anticipated close of escrow of any sale pursuant to this paragraph, unless otherwise ordered by the Court.  If the Villegases fail to vacate the defendant property pursuant to this sub-paragraph, the U.S. Customs and Border Protection or its authorized agent is hereby empowered to enter and take possession of the defendant property and to evict all occupants and their personal property without further notice or Court order.

    15.   The Villegases agree to protect the interests of the United States in the defendant property until the sale of the

defendant property pursuant to this Consent Judgment, as follows:  the Villegases shall timely make all required payments toward any mortgage obligation on the defendant property; maintain and timely pay required premiums for adequate hazard insurance for the defendant property, and designate the United States as a payee (beneficiary) on the hazard insurance policy no later than thirty (30) days after the entry of this Consent Judgment by the Court; timely pay all taxes due and owing on the property; and not waste or damage the defendant property, or waste, damage, or remove its fixtures.  The Villegases shall mail and fax to undersigned government counsel a copy of any "past due" notice they receive concerning any mortgage, insurance or tax obligations referenced in this paragraph, within 24 hours of their receipt of such notice.  By their signature on this document, the Villegases hereby consent to the disclosure by their insurer(s), mortgage holder(s), and tax authorities, to the government (upon its request) of all information necessary for the government to determine whether the obligations of this paragraph are being met, including but not limited to payment status information.  In the event of a breach of any provision of this paragraph, the government shall have the option to cancel paragraph 8 of this Consent Judgment and conduct a sale of the defendant property pursuant to the terms of paragraph 14.

16.  The government and the Villegases agree to execute further documents, to the extent necessary, to convey clear title to the defendant property and to further implement the terms of this Consent Judgment.

17.  The Villegases hereby release and agree to hold harmless the United States of America, its agencies, agents and officers, including local law enforcement agencies, their agents, officers, employees, or servants, from all claims, actions or proceedings, including, but not limited to, any claim for attorney's fees and/or costs, or interest, which may hereafter be asserted or brought by or which arise out of the present action.

18.  Each party shall bear its own costs of litigation and attorney's fees.  Each party waives its right to appeal.

Dated: February 27, 2012

_____
THE HONORABLE CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

**Approved as to form and content:**

DATED: February 24, 2012  ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section


   /s/ P. Greg Parham
P. GREG PARHAM
Assistant United States Attorney

Attorneys for Plaintiff
United States of America


DATED: February 23, 2012    /s/ David C. Scarsone
DAVID C. SCARSONE
Attorney for Claimants
RUBEN VILLEGAS AND SOCORRO VILLEGAS

9

```
DATED: February 23, 2012          /s/ Ruben Villegas
                                  RUBEN VILLEGAS


DATED: February 23, 2012          /s/ Socorro Villegas
                                  SOCORRO VILLEGAS
```

10